## STATE OF VERMONT

## SUPERIOR COURT — ENVIRONMENTAL DIVISION

| | |
|---|---|
| In re Lathrop Limited Partnership I<br>(f/k/a Appeal of Rueger, et al.) | Docket No. 122-7-04 Vtec<br>(appeal from conditional use approval) |

*******************************************************************************************

| | |
|---|---|
| In re Lathrop Limited Partnership II | Docket No. 210-9-08 Vtec<br>(appeal from conditional use denial) |

*******************************************************************************************

| | |
|---|---|
| In re Lathrop Limited Partnership<br>Act 250 Permit Application<br>(Act 250 Application No. 9A0315-2) | Docket No. 136-8-10 Vtec<br>(appeal from District 9 Environmental<br>Act 250 Commission determination) |

### Amended Judgment Order[1]

For all of the reasons more fully discussed in the Merits Decision that accompanies this Judgment Order, we conclude that Lathrop's application for an Act 250 permit (Application #9A0315-2) is hereby **APPROVED** and its application for a municipal conditional use approval and a zoning permit is hereby **APPROVED**, subject to the following conditions:

1. Lathrop shall submit final revised plans to both the Act 250 District #9 Commission Coordinator ("District Coordinator") and the Town of Bristol Zoning Administrator, incorporating all changes presented at trial.

   a. Lathrop shall create a list of all terms and conditions of the permits granted in the decision as well as any unappealed approval conditions that may govern the project, and file that list with the Town, this Court, and all interested parties. All parties shall have fifteen (15) business days from the date of Lathrop's filing to respond to Lathrop's list to ensure its accuracy.

2. Lathrop shall also submit plans detailing its access road construction, South Street improvements, and remaining remediation work contemplated in its Phase 6 work in the meadows section, and shall provide cost estimates for such work, so that such cost estimates and plans may be used to establish the performance bond that Lathrop is to secure for the benefit of the Town.

---

[1] This Amended Judgment Order accompanies this Court's Entry Order on Motion to Alter or Amend Judgment of the same date. This Amended Judgment Order adds Conditions #1a and #6a, substitutes a new Condition #7e, and modifies Condition #1 of the original Judgment Order dated October 18, 2013. All other conditions are unchanged. We have chosen not to issue a new or amended Merits Decision, since we have concluded that the accompanying Entry Order provides sufficient notice of our changes.

3. The performance bond that Lathrop supplies to the Town shall be in an amount necessary to secure the performance of the work and improvements described in the plans Lathrop submits in accordance with the above paragraph 2. Lathrop shall provide the Town with a written certification that the bond is then currently in place and available for call by the Town in the event of Lathrop's substantial non-performance and abandonment of the project. Lathrop shall provide this written certification before commencing work at the project site at the beginning of each operational season. The amount of the bond may be reduced as work is completed, in accordance with the previously estimated cost of such work. For any material changes not anticipated in such work plans, Lathrop must submit revised plans and cost estimates to the Town with its annual certification.

4. The project shall be constructed, operated, remediated, and completed in accordance will all plans admitted as exhibits in these consolidated appeal proceedings, all conditions imposed by this Decision, and all terms and conditions of approval by the District Commission and the Town of Bristol Zoning Board of Adjustment that were not superseded by this Decision.

5. Lathrop shall provide the District Commission Coordinator and the Zoning Administrator with complete copies of all exhibits admitted in these consolidated appeal proceedings, and shall retain a full copy of all such admitted exhibits and make them available for review on reasonable terms during normal business hours.

6. Lathrop shall restrict the annual yield of sand and gravel to **60,000 cubic yards** and the maximum **one way truck trips to no more than 100 per day** unless and until authorized by both the District Commission and the ZBA to increase such limits.

   a. No later than December 31 of each year and for the duration of the approvals granted by this Judgment Order and the October 18, 2013 Merits Decision upon which this Judgment Order is principally based, Lathrop shall file with the Town Zoning Administrator and the District Coordinator a report stating the total amount of gravel extracted and one-way truck trips generated by the project in that calendar year.

7. Lathrop shall also only operate the project in accordance with the terms and conditions of its proposed Operational Parameters (Exhibit 10), subject to the following revisions:

   a. The Extraction and Trucking Limits, specified on page 2, are hereby revised to conform to the extraction and trucking limits specified above at paragraph 6.

   b. The Recommended Conditions of Approval section on page 3 shall be revised to reference a maximum daily loaded truck limit to 50 trips (100 trip ends).

   c. The Access Road Construction section on page 4 shall be revised to state that the road shall be paved for the first 7_50_ feet, to conform to Mr. Matosky's trial testimony.

   d. The Noise mitigation section on pp. 4–5 shall be revised to include the references to using European-style mufflers, where available, and the prohibition against use of engine compression or "jake" brakes as specified herein in Finding 152 on pages 41–42.

   e. At the completion of the gravel extraction phases of the project and as part of the implementation of Lathrop's reclamation plan, Lathrop shall submit applications to

2

the appropriate municipal and state land use authorities to either remove an identified portion of the resulting earthen berm located along South Street or be relieved from any obligation to do so, all to be done in compliance with the state and municipal regulations in effect at that time.

8. Lathrop shall operate the permitted project only in accordance with the revised plans and conditions referenced in this Decision, the Act 250 permit to be issued by the District Commission, and the zoning permit to be issued by the Zoning Administrator.

9. All terms and conditions announced or referenced herein shall run with the land and shall be binding upon Lathrop, its successors, and assigns.

Lathrop's Act 250 permit application is hereby remanded to the District Commission and its revised zoning permit application is hereby remanded to the Bristol Zoning Administrator so as to complete the ministerial acts of issuing the respective state land use ("Act 250") and municipal zoning permits to Lathrop in accordance with this Merits Decision and the unappealed determinations from the respective Commission and ZBA. The respective permits should, however, exclude the terms and conditions from the respective Commission and ZBA decisions that are superseded by the determinations the Court announces in this Decision.

This completes the current proceedings before this Court in these consolidated appeals.

Done at Berlin, Vermont, this 11th day of February 2014.

_____
Thomas S. Durkin, Judge